■ In the Matter of EDNA W. GREENE, Respondent, v RAYMOND C. GREENE, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act for an upward modification of a child support award contained in a judgment of divorce of the Supreme Court, Westchester County, dated November 15, 1971, the father appeals from four orders of the Family Court, Westchester County, as follows: (1) by permission, as limited by his brief, from so much of an order dated October 3, 1975 as granted petitioner's motion, made pursuant to CPLR 3126, to strike his answer and to schedule an inquest; (2) from an order dated December 9, 1975 which, *inter alia,* directed an upward modification of the child support award and directed him to pay a counsel fee to petitioner's attorney; and (3) by permission, from two orders, both dated March 1, 1976, (a) the first of which denied his motion to set aside the order of December 9, 1975 and (b) the second of which denied his motion *inter alia* to stay the effect of the December 9, 1975 order. Orders dated December 9, 1975 and March 1, 1976 reversed, on the law; order dated October 3, 1975 modified by deleting therefrom the provisions striking appellant's answer and scheduling an inquest and by substituting therefor a provision that petitioner's motion is granted to the extent only that, pursuant to CPLR 3126 (subd 1), the issue, to which the information was sought in petitioner's notice of examination dated March 18, 1975 is relevant, is deemed resolved for purposes of the proceeding against appellant in accordance with petitioner's claims, unless (1) appellant appears for examination before trial and (2) the sum of $250 is paid to petitioner. As so modified, order affirmed insofar as appealed from. No costs or disbursements are awarded on this appeal. The $250 payment shall be made within 10 days after service upon appellant of a copy of the order to be entered hereon, together with notice of entry thereof. The examination before trial shall be held 14 days after the entry of the order to be made hereon, at the time and place set forth in the notice of March 18, 1975, or at such other time and place as the parties may agree. In the event of appellant's failure to comply with the above-described conditions, the orders under review are affirmed insofar as they are appealed from, without costs or disbursements. The Family Court properly found that there had been a refusal to obey an order for disclosure. It should be noted, however, that there were three bases alleged in the petition upon which an upward

modification was sought; the information sought at the examination before trial was relevant to only one of those bases. Consequently, the sanctions imposed against appellant (i.e., the unconditional striking of his answer and the ordering of an inquest in petitioner's favor) were unduly harsh since, by the ordering of an inquest, appellant was improperly denied an opportunity to present evidence regarding the two remaining bases for relief. Therefore, the interests of justice warrant the above modification. In this regard, we note that a $250 payment to petitioner is warranted since the record evidences that the refusal to obey the order of disclosure was based upon an intransigent attitude, for which there was no justification. In light of the foregoing, the three other orders appealed from must be reversed as they are based upon the October 3, 1975 order and as a new full hearing must now be held. We further note in passing that we find appellant's contention that the Family Court lacked jurisdiction in this matter to be without merit. Martuscello, Acting P. J., Cohalan, Damiani and Shapiro, JJ., concur; Titone, J., dissents and votes to affirm the orders appealed from.